NO. 07-09-0108-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 29, 2009

______________________________


IN THE INTEREST OF D.A.C., 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â A Child

_________________________________

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 12,093; HON. STEVEN RAY EMMERT, PRESIDING
_______________________________

Abatement and Remand
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
Â Â Â Â Â Â Â Â Â Â Appellant, Jennifer Carpenter, appeals from the termination of her parental rights
to her minor child, D.A.C. Her appointed counsel has filed a motion to withdraw, together
with an Anders


 brief, wherein he âfinds no error in the record and urges this Court allow
him to withdraw as Appellantâs attorney.â


 On June 22, 2009, counsel for the Texas
Department of Family and Protective Services filed a response to the Anders brief
contending, among other things, that appellantâs counsel failed to address the nine issues
for appeal raised in appellantâs statement of points on appeal.
Â Â Â Â Â Â Â Â Â Â We, too, find the brief to be deficient not only by failing to follow the procedural
requirements pursuant to Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18
L.Ed.2d 492 (1967), but by failing to address the issues raised by appellant in her
statement of points. While we make no comment upon their ultimate merit, they
nonetheless pose arguable issues for appellate review. Thus, we do not accept appellate
counselâs representation concerning the merits of the appeal.Â 
Â Â Â Â Â Â Â Â Â Â Counselâs representation also poses another problem. In his uttering, via a public
record, that the appeal was meritless, one can reasonably question whether a conflict of
interest has arisen between counsel and client. So too could it be reasonably questioned
whether by making the statement, Carpenterâs current attorney can zealously represent her
if allowed to remain her attorney of record. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate the appeal and remand the cause to the 31st District Court
of Wheeler County, Texas. Upon remand, the trial court shall remove appellantâs current
attorney and appoint another to represent her in this appeal. The trial court shall further
order the newly appointed counsel to file an appellantâs brief, as per the Texas Rules of
Appellate Procedure, developing the aforementioned arguable grounds, and all other
grounds that might support reversal or modification of the judgment. Should new counsel
determine, after a thorough review of the appellate record, that the appeal is indeed
frivolous, he may opt to file an Anders brief; however, he must comport with the
requirements specified in In re Schulman, 252 S.W.3d 403 (Tex. Crim. App. 2008) and In
re J.B., __ S.W.3d ___, 2009 WL 283197 (Tex. App.âEl Paso February 5, 2009, no pet.
h.) before doing so. 
Â Â Â Â Â Â Â Â Â Â The deadline for filing an appellantâs brief with the clerk of this appellate court is
extended to August 10, 2009, unless further extended by this court. Any responding brief
which the Department may care to submit shall be filed within 30 days thereafter. Finally,
the trial court is further directed to inform this court, in writing, of the name, address, and
state bar number of Carpenterâs newly appointed counsel by July 10, 2009. 
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Â 



cent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0383-CV

Â 

IN THE COURT OF
APPEALS

Â 

FOR THE SEVENTH
DISTRICT OF TEXAS

Â 

AT AMARILLO

Â 

PANEL A

Â 

FEBRUARY 9, 2010

Â 

__________________________

Â 

THE STATE OF TEXAS,
APPELLANT

Â 

V. 

Â 

FORTY-TWO (42)
GAMBLING DEVICES, AND THIRTY-SEVEN THOUSAND 

EIGHTY-ONE DOLLARS
AND EIGHTY-NINE CENTS ($37,081.99) IN

UNITED STATES
CURRENCY, APPELLEE

__________________________

Â 

FROM THE 181ST
DISTRICT COURT OF POTTER COUNTY;

Â 

NO. 89-859-B;
HONORABLE BRYAN POFF, JR., JUDGE

____________________________

Â 

Â 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER

Â 

Â 

Appellee Merri Lewis as executor
of the estate of Mike Lewis filed a motion entitled T.R.A.P. Rule 24 Motion to
Unsuspend Enforcement of Trial Court Order.ÂÂ  According to a certificate of conference
attached to the motion, the State opposed the requested relief.Â  We held the motion for ten days but the State
filed no response.Â  See Tex. R. App. 10.3(a) & 10.1(b).

Â Â Â Â Â Â Â Â Â Â Â  This appeal is brought by the
State.Â  The record on the StateÂs appeal
has not been filed so we look to LewisÂs motion and attached exhibits for the
factual background surrounding the motion.Â 
In the trial court, the State sought forfeiture of seized personal
property and money under Article 18.18 of the Code of Criminal Procedure.Â  See Tex. Code
Crim. Proc. Ann. art. 18.18 (Vernon Supp. 2009).Â  In one document, the trial court dismissed
the StateÂs case for want of prosecution and ordered delivery of the seized
property to Lewis.Â  The State gave
written notification to the sheriff that release of the property would be
premature because of its appeal of the order.Â 
The State subsequently filed a motion to reconsider and notice of
appeal. 

Â Â Â Â Â Â Â Â Â Â Â  By the motion, Lewis asks us to
Âdetermine that the Trial Court Order was never effectively suspended and order
it complied with, or, alternatively, order that the Trial Court order be
unsuspended so that it can be enforced to place the parties in this appeal in
the posture that equity dictates.Â 

Â Â Â Â Â Â Â Â Â Â Â  By her motion Lewis attempts to
invoke Rule of Appellate Procedure 24.Â 
Rule 24.4 permits a party to the appeal to seek review of a trial
courtÂs ruling on supersedeas issues. Tex. R. App. P. 24.4(a).[1]
But the limited record Lewis presents does not include a trial court order
concerning supersedeas of the judgment, or otherwise
demonstrate the trial court has taken any action subject to our review under
Rule 24.Â  Rather, the record shows the
trial court ordered delivery to Lewis of property the State seized.[2]Â  Issues of the effect of the StateÂs appeal of
the trial courtÂs order on possession of the seized items have not been
presented to the trial court.Â  

Accordingly,
we dismiss LewisÂs motion.

It
is so ordered.

Â 

Per Curiam 

Â 

Â 











[1] Rule 24.4 lists the following as trial court rulings
subject to review:Â  (1) the sufficiency
or excessiveness of the amount of security; (2) the sureties on a bond; (3) the
type of security; (4) the determination whether to permit suspension of
enforcement; and (5) the trial courtÂs exercise of discretion concerning the
amount and type of security, the sufficiency of sureties, and modification of
security if circumstances change.Â  Tex. R. App. P. 24.4(a).

Â 





[2]
Lewis also cites Rule 24.2(5) as a basis for our
authority.Â  But this rule concerns
suspension of enforcement of a judgment in favor of a governmental entity in
its governmental capacity.Â  Tex. R. App. P. 24.2(5).Â 
Here, the State appeals dismissal of its case for want of prosecution. 

Â